IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN CASIEL CHAVEZ CARDOZA, ) | Case No. | |
| c/o Kenneth D. Myers, Esq. | | |
| 6100 Oak Tree Blvd., Suite 200            ) | | |
| Cleveland, OH 44131 | | |
| ) | JUDGE: | |
| and | | |
| ) | | |
| MAURICIO SIERRA GARCIA | | |
| c/o Dana Andrassy Lanigan, Esq.            ) | | |
| 31012 Lake Road | | |
| Bay Village, OH 44140            ) | | |
| | | |
|      Plaintiffs/Petitioners,            ) | PETITION FOR HABEAS | |
| | CORPUS AND COMPLAINT FOR | |
| ) | INJUNCTIVE RELIEF | |
| -vs- | | |
| ) | | |
| Christopher LaRose, Warden | | |
| Northeast Ohio Correctional Center            ) | | |
| 2240 Hubbard Road | | |
| Youngstown, OH 44505            ) | | |
| Sued in his official capacity | | |
| ) | | |
| and | | |
| ) | | |
| Thomas Homan, Acting Director | | |
| U.S. IMMIGRATION AND CUSTOMS            ) | | |
| ENFORCEMENT ("ICE") | | |
| 500 12th St. SW            ) | | |
| Washinton D.C.  20536 | | |
| Sued in his official capacity            ) | | |
| | | |
| and            ) | | |
| | | |
| Rebecca Adducci, Director            ) | | |
| ICE Detroit Field Office | | |
| c/o Office of the General Counsel            ) | | |

| | |
|---|---|
| U.S. DEPARTMENT OF HOMELAND SECURITY<br>Mail Stop 3650<br>Washington D.C. 20528<br>Sued in her official capacity | )<br>)<br>)<br>) |
| and | ) |
| KIRSTJEN NIELSEN, Secretary of DHS<br>Washington D.C. 20528<br>Sued in her official capacity | )<br>)<br>) |
| and | ) |
| JEFFERSON BEAUREGARD SESSIONS III,<br>Attorney General of the United States<br>950 Pennsylvania Ave. NW<br>Washington D.C. 20530<br>Sued in his official capacity | )<br>)<br>)<br>) |
| Defendants/Respondents. | ) |

INTRODUCTION

1. This case challenges the United States government's policy and practice of failing to grant parole to asylum-seekers who are awaiting hearings on their asylum requests.

2. Plaintiff Jonathan Casiel Chavez Cardoza is a native and citizen of Honduras who is legally seeking asylum and who has been detained in the Northeast Ohio Correctional Center (NEOCC) since April, 2018, and who has been separated from his wife and children since that time for no legitimate reason and who has been denied parole in contravention of two prior court

orders.

3. Plaintiff Mauricio Sierra Garcia is also a native and citizen of Honduras who is legally seeking asylum and who has been detained in the NEOCC since February, 2018, and who has been separated from his common-law wife and child since at least that time for no legitimate reason and who has been denied parole in contravention of two prior court orders.

4. These plaintiffs/petitioners bring this action to have the government grant them parole and reunite them with their families, from whom they have been separated now for more than six and eight month, respectively. Without any assertions of abuse, neglect, or parental unfitness, with no allegations of flight risk or danger to society, and with no hearings of any kind, much less the type of individualized hearing mandated by other court decisions, the government is detaining these individuals in facilities thousands of miles from their families.

5. Defendants have ample ways to keep families together during the asylum process, and ample ways to keep track of asylum-seekers who are freed from detention while their cases are pending.  Yet the defendants have chosen to keep these individuals detained and separated from their families as a matter of course, in contravention of the these individuals' constitutional and statutory rights, including the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act (APA), which prohibits arbitrary governmental action.

## JURISDICTION

6. This case arises under the Fifth Amendment to the United States Constitution, federal asylum statutes and the APA.  This court has jurisdiction under 28 U.S.C. Section 1331 (federal question jurisdiction), 28 U.S.C. Section 2241 (habeas jurisdiction), and Art. I, Section 9, cl. 2 of

the United States Constitution ("Suspension Clause").  Plaintiffs are in custody for purposes of habeas jurisdiction.

## VENUE

7.  Venue is proper under 28 U.S.C. Section 1391 because Chavez and Sierra are detained within this District and a substantial portion of the relevant facts occurred within this District.

## PARTIES

8.  Plaintiff Jonathan Casiel Chavez Cardoza is a citizen of Honduras. He is seeking asylum in the United States, along with his wife and two children, ages 5 and 2.

9.  Plaintiff Mauricio Sierra Gacia is also a citizen of Honduras.  He is seeking asylum in the United States, along with his common-law wife and her child, age 2.

10.  Defendant Christopher LaRose is the warden of the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio, within the Northern District of Ohio, the site where both plaintiffs are currently detained.  He is a legal custodian of the plaintiffs.

11.  Defendant Thomas Homan is the Acting Director of the U.S. Immigration and Customs Enforcement ("ICE") agency, which is a sub-agency of the U.S. Department of Homeland Security, which is responsible for carrying out removal orders and overseeing immigration detention.

12.  Defendant Rebecca Adducci is the Director of the Detroit Field Office of ICE, which is the regional field office that oversees detention facilities in the Detroit region, including NEOCC.

13. Defendant Krisjen Nielsen is the Secretary of the U.S. Department of Homeland Security ("DHS"), which has responsibility for enforcing the immigration laws of the United States, and is a legal custodian of the plaintiffs.

14. Defendant Jefferson Beauregard Sessions III is the Attorney General of the United States. In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. Section 1103, and is a legal custodian of the plaintiffs.

## FACTS

15. Over the last year or so, the government has separated hundreds of migrant families for no legitimate reason.

16. Almost all of these families have fled persecution and are seeking asylum. Although there are not allegations that these individuals are unfit or abusing their children in any way, the government has separated these families, often placing individuals thousands of miles away from their spouses and children for no legitimate reason, and then denying them parole while their asylum claims are pending, with no hearings and no determination that the detainees are flight risks or dangers to society.

17. These measures are not only unnecessary, but they are arbitrary and capricious; there are both governmental and non-governmental shelters available, especially near border towns, that specialize in housing and caring for families, including asylum-seeking families, while their immigration applications are adjudicated.

18. Plaintiffs Chavez and Sierra are two of the many individuals who have been separated from their families and detained with no parole hearing.

19. Plaintiff Chavez is a native and citizen of Honduras. He entered the United States after presenting himself for inspection with his wife and two children, ages 5 and 2, through the Eagle Pass, TX Port of Entry on or about April 12, 2018. He was separated from his wife and children at this time and has not seem then since.

20. Chavez was taken to the Northeast Ohio Correctional Center in Youngstown, Ohio, where he has remained since April, 2018.

21. On April 23, 2018, plaintiff Chavez's wife, Eda Erazo Ramirez, was found to have a credible fear of persecution in Honduras.

22. Because Chavez arrived with his wife, the credible fear determination applies to him as well as to his wife.

23. On June 26, 2018, the U.S. District Court for the Southern District of California issued a nationwide preliminary injunction which stated, in pertinent part:

> "(1) Defendants, and their officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with them, are preliminarily enjoined from detaining Class Members in DHS custody without and apart from their minor children, absent a determination that the parent is unfit or presents a danger to the child, unless the parent affirmatively, knowingly and voluntarily declines to be reunited with the child in DHS custody."
>
> Ms. L v. U.S. Immigration and Customs Enforcement ("ICE"),
> U.S. Dist Ct., S.D. Calif., Case No. 18cv0428.

24. On July 2, 2018, the U.S. District Court for the District of Columbia issued a nationwide injunction, which stated, in pertinent part:

> "(3) Defendants are hereby ENJOINED from denying parole to any provisional class members absent an individualized determination, through the parole process, that such provisional

class member presets a flight risk and danger to the community.
(4) The individualized determination of flight risk and danger to the community referenced above shall be based on the specific facts of each provisional class member's case. Such determinations, moreover, shall not be based on categorical criteria applicable to all provisional class members;
(5) Defendants shall provide provisional class members with parole determinations that conform to all of the substantive and procedural requirements of U.S. Immigration and Customs Enforcement, Directive No. 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture (Dec. 8, 2009);...."

Ansly Damus v. Krstjen Nielsen, U.S. Dist. Ct., Dist of Columbia, Case No. 18-578.

25. On July 2, 2018, Chavez applied for parole pending his asylum hearing. His request was denied the same day with no hearing.

26. On August 7, 2018, Chavez re-applied for parole; that request is pending.

27. The government has no legitimate interest in separating Chavez from his wife and children, and the government has no legitimate interest in refusing to grant parole to Chavez.

28. Plaintiff Sierra is also a native and citizen of Honduras.

29. He entered the United States through the Eagle Pass, TX Port of Entry on January 12, 2018, with his common-law wife and child, now age 2, and applied for asylum. He was separated from his family at that point and has not seen them since. He was also taken to the NEOCC, where he has remained since his initial detention.

30. On February 6, 2018 Sierra was found to have a credible fear of torture if he returned to Honduras.

31. On June 28, 2018, Sierra applied for parole.

32. On June 29, 2018, Sierra was denied parole.

33. On August 23, 3018, Sierra re-applied for parole; that request is pending, although his attorney was told verbally that it had been denied.

CAUSES OF ACTION

COUNT I

(Violation of Due Process)

34. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

35. The Due Process Clause of the Fifth Amendment applies to all "persons" on United States soil and thus applies to plaintiffs Chavez and Sierra and all proposed class-members.

36. Plaintiffs/petitioners Chavez and Sierra have a liberty interest under the Due Process Clause in remaining together as a family.

37. The separation of the plaintiffs/petitioners from their families violates substantive due process because it furthers no legitimate purpose, much less a compelling governmental interest.

38. The separation of plaintiffs/petitioners from their families also violates procedural due process because it was undertaken without any hearing.

39. As a result of defendants' actions and non-actions, plaintiffs/petitioners have suffered the loss of their constitutional rights, loss of family integrity and loss of liberty.

COUNT II

(Violation of Due Process)

40. All of the foregoing allegations are repeated and re-alleged as though fully set forth

herein.

41. The Due Process Clause of the Fifth Amendment applies to all "persons" on United States soil and thus applies to plaintiffs/petitioners Chavez and Sierra.

42. Plaintiffs/petitioners Chavez and Sierra have a liberty interest under the Due Process clause in freedom from detention absent an individualized determination of risk of flight or danger to society.

43. The ongoing detention of the plaintiffs/petitioners without parole, despite the absence of an individualized determination of risk of flight or danger to society violates the procedural due process rights of the plaintiffs/petitioners because it furthers no legitimate purpose, much less a compelling governmental interest.

44. As a result of defendants' actions and non-actions, plaintiffs/petitioners have suffered loss of their constitutional rights, including loss of liberty.

### COUNT III

(Administrative Procedure Act–Arbitrary and Capricious Practice)

45. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

46. The APA prohibits agency action that is arbitrary and capricious.

47. Defendants' separation of plaintiffs/petitioners from their families and denial of parole without individualized hearings and absent credible allegations of risk of flight or danger to society is arbitrary and capricious and is in violation of the APA, 5 U.S.C. Section 706.

48. As a result of defendants' actions and non-actions, plaintiffs/petitioners have suffered loss of their statutory rights.

## COUNT IV

(Violation of Asylum Statute)

49. All of the foregoing allegations are repeated and re-alleged as though fully set forth herein.

50. Under United States law, non-citizens with a well-founded fear of persecution shall have the opportunity to obtain asylum in the United States.  8 U.S.C. Section 1158.

51. Defendants' separation of plaintiffs/petitioners from their families and failure to grant parole while asylum proceedings are pending violates federal asylum law, because it impedes their ability to pursue their asylum claims.

52. As a result of defendants' actions and non-actions, plaintiffs/petitioners have suffered loss of their statutory rights.

## PRAYER FOR RELIEF

Plaintiffs request that the Court enter a judgment against defendants and award the following relief:

A. Declare the separation of plaintiffs/petitioners Chavez and Sierra from their families unlawful;

B. Preliminarily and permanently enjoin defendants from continuing to separate Chavez and Sierra from their families;

C. Preliminarily and permanently enjoin defendants from continuing to detain Chavez and Sirra absent an individualized hearing and a determination of risk of flight or danger to society.

D.  Order defendants to immediately release Chavez and Sierra pending their asylum hearings.

E.  Enjoin defendants from removing Chavez and Sierra from the United States until they are reunited with their families, in the event they are not permitted to remain in the United States.

F.  Order the defendants to pay reasonable attorneys' fees and costs;

G.  Order any other relief that is deemed appropriate.

        Respectfully submitted,


 /s/Kenneth D. Myers
KENNETH D. MYERS [0053655]
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(215) 241-3900
 (440) 498-8239   Fax
Kdmy@aol.com

Counsel for plaintiffs/petitioners