IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN CASIEL CHAVEZ CARDOZA, *et al.,* | ) ) ) | CASE NO. 4:18 CV 2292 |
| Petitioner's, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, *et al.*, | ) ) | **ORDER** |
| Respondent's | ) | |

An Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF # 4 (hereinafter, "Application") has been filed by Petitioner in the above-referenced matter. This Court has examined the Application and cannot determine from the face of the Application that Petitioner is not entitled to the relief requested.

Accordingly, the Clerk of Court shall forward a copy of the Application, together with this Order, to Respondent's the Attorney General of the United States, the Office of the United States Attorney, Northern District of Ohio, and the Ohio Attorney General. Furthermore, the following schedule and briefing requirements shall apply:

(1)     Respondent's shall file an "Answer" to the Application within thirty (30) days of the date of this Order and show cause why a writ of habeas corpus should not be granted. The Answer shall include a response to the allegations of the Application, a statement as to whether Petitioner has exhausted his administrative remedies, and a statement as to what transcripts are available. In addition, the answer shall include a statement as to whether Petitioner has sought release prior to the present application, together with citations to any prior court action, and a discussion as to whether an evidentiary hearing is warranted.

(2)    Petitioner may file a brief in response ("Traverse") within thirty (30) days of the date of service set forth in the certificate of service attached to Respondent's Answer.

(3)    No additional briefs shall be permitted.

(4)    The Answer and Traverse shall make specific reference, by page number and exhibit number, to those portions of the record relied upon, and shall contain statements of the applicable law with citations to relevant case law or statutory authority.

(5)    The Answer and Traverse shall conform to the requirements of Local Rule 7.1(g), which provides that memoranda relating to dispositive motions in administrative cases shall not exceed twenty pages "[w]ithout prior approval of the Judicial Officer for good cause shown. . . ." Local Rule 7.1(g). Local Rule 7.1(g) further provides that "[e]very memorandum related to a dispositive motion shall be accompanied by an affidavit specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section." Any motion for relief from the twenty page limitation set forth in Local Rule 7.1(g) should be filed with the Court sufficiently in advance of the due date of a memorandum to afford the undersigned time to rule on the motion and the Clerk's Office time to issue the ruling by regular mail. Thus, a motion for relief which is filed contemporaneously with a memorandum may be summarily denied.

IT IS SO ORDERED.


Dated: October 19, 2018                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge