IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JONATHAN CASIEL CHAVEZ CARDOZA, *et al.* | ) ) ) | CASE NO. 4:18-CV-02292 |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) | |
| WARDEN CHRISTOPHER LAROSE, *et al.* | ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | | |

**Introduction**

Before me by referral[1] is the petition for habeas relief brought against the federal Immigration and Customs Enforcement agency (ICE) by Jonathan Casiel Chavez Cardoza and Mauricio Sierra Garcia pursuant to 28 U.S.C.§ 2241.[2] An earlier motion for a preliminary injunction,[3] which remains pending and has been opposed,[4] is the subject of a separate report and recommendation. As to the habeas petition itself, the defendants have

---

[1] ECF No. 5.
[2] ECF No. 4.
[3] ECF No. 2.
[4] ECF No. 9. The defendants move to dismiss, transfer, or stay consideration of the motion for a preliminary injunction. *See Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018).

moved under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss it as moot.[5] The petitioners responded in opposition[6] and, with the permission of the Court,[7] the defendants then filed a reply.[8]

Separately, the warden of the facility at which the petitioners were formerly held has joined in the motion to dismiss the habeas petition, citing additional reasons applicable in his situation.[9] The petitioners have responded in opposition.[10]

For the reasons that follow, I will recommend granting the motion to dismiss the habeas petition as moot.

**Facts**

There is no dispute as to the underlying facts. Both petitioners were detained but had sought parole into the United States while awaiting an individual hearing on their claims of asylum.[11] Prior to such hearings, on February 22, 2018 both petitioners were removed from the United States pursuant to final orders of removal.[12] On July 2, 2018, the district court in *Damus*, granted a motion to provisionally certify a class of asylum seekers denied parole, and issued a preliminary injunction requiring that ICE provide for

---

[5] ECF No. 12.
[6] ECF No. 13.
[7] Non-document order filed on April 22, 2019.
[8] ECF No. 16.
[9] ECF No. 17.
[10] ECF No. 19.
[11] *See* ECF No. 12 at 1-2 (citing record).
[12] *Id*. at 2 (citing record).

individual parole hearings in cases where asylum claimants had made an initial showing of credible fear of persecution.[13]

Here, the ICE defendants argue that because the petitioners are no longer in ICE custody and so neither may receive an individual parole hearing, the matter is moot.[14] The petitioners, in turn, contend that two exceptions to the mootness doctrine apply in this case: (1) the petitioners will suffer future collateral consequences as a result of having been impermissibly detained[15] and (2) their case is capable of repetition, yet evading review.[16]

As to their case being capable of repetition, they state that the same policy of denying parole hearings is continuing and could be established.[17] Further, they contend that for themselves they are in a legal no-mans land in that although they are members of the *Damus* class, that injunction does not provide for individual adjudications of alleged violations of the order mandating parole prior to hearings on asylum claims.[18] Moreover, they argue that the collateral consequence of their situation is that they have been deported while waiting for a legally required hearing that may have established their right to asylum.[19]

The petitioners seek to either be returned to the United States to receive a proper hearing or, alternatively, for this Court to rule on the merits of the petitioners' claims so

---

[13] *Damus*, 313 F. Supp. 3d at 343.
[14] ECF No. 12 at 3.
[15] ECF No. 13 at 2 (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998)).
[16] *Id*. (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).
[17] *Id*. at 4.
[18] *Id*. at 3.
[19] *Id*. at 5.

that other improperly held asylum seekers receive the full benefit of rights to which they are entitled.[20]

## Standard of review – Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial or a factual challenge.[21] Facial attacks challenge the sufficiency of the pleading itself.[22] Factual attacks go to the existence of subject matter jurisdiction itself, regardless of what may be alleged in the pleadings.[23]

When adjudicating a motion to dismiss arising from a facial challenge, the court must accept the material allegations of the complaint as true and must construe facts in favor of the non-moving party.[24] By contrast, with a factual challenge no presumption of truthfulness is extended to either party and the court must itself weigh the evidence to determine its own authority to hear the case.[25] In conducting this analysis, the court may consider both the pleadings as well as evidence outside of the pleadings.[26]

## Analysis

It is well-settled that a federal district court lacks jurisdiction over a petitioner's habeas claim made under 28 U.S.C. § 2241 if the petitioner is no longer in

---

[20] *Id.*
[21] *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).
[22] *Id.*
[23] *Id.*
[24] *Id.* (citation omitted).
[25] *Id.* (citation omitted).
[26] *Makarova v. United States*, 201 F.3d 110 (2nd Cir. 2000).

custody.[27]Therefore, a petitioner's release from custody generally moots a habeas petition.[28]

Multiple recent cases in this Court have addressed the habeas issue presented here and all have definitively concluded that deportation of a habeas petitioner formerly in ICE custody deprives the court of jurisdiction over a habeas claim[29] and renders such a claim moot because the court can "no longer grant [the petitioner's] requested relief."[30]

Here, the respondents/defendants have submitted an unrebutted affidavit attesting to the fact that both petitioners have been released from ICE custody and deported from the United States pursuant to a valid orders of removal.[31]

Further, this case presents no exception to the mootness rule.

First, although the mootness rule is potentially not applicable in cases where the alleged harm is capable of repetition yet evading review, that exception applies only when the same party will again be subject to the challenged action.[32] There is nothing in the record that suggests that these petitioners will again be subject to the conduct challenged in this case.

---

[27] *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990).
[28] *Lane v. Williams*, 455 U.S. 624, 632 (1982).
[29] *See Laurent v. Sessions*, 2019 WL 118603 (N.D. Ohio Jan. 7, 2019)(Gwinn, J.); *Thabet v. Adducci*, 2018 WL 4266050 (N.D. Ohio Sept. 6, 2018)(Nugent, J.); *Adinan v. Sessions*, 2018 WL 3475447 (N.D. Ohio July 19, 2018)(Boyko, J.).
[30] *Xu Guangshi v. Holder*, 2011 WL 5361050 (N.D. Ohio Nov. 4, 2011)(Zouhary, J.).
[31] ECF No. 12, Attachment 1.
[32] *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006).

Next, as to collateral consequences, the only such "consequence" that the petitioners point to is that they may not now receive an asylum hearing because they are now outside of the United States pursuant to valid orders of removal. As the defendants observe, this Court has no jurisdiction to review or modify such orders.[33] Moreover, to the extent that the petitioners here seek to frame their argument as one arising out of the proper level of compliance with the order in *Damus* mandating such hearings, that argument is properly made to the court that issued the order, which is currently overseeing discovery on compliance with its order pursuant to its inherent power to enforce its own judgments.[34]

## Conclusion

Thus, for the reasons stated, I recommend finding that because the petitioners are no longer in ICE custody, this Court lacks jurisdiction over their petition and their request for habeas relief is moot. Accordingly, the motion to dismiss the petition for habeas relief[35] should be granted.

**IT IS SO RECOMMENDED.**

Dated: July 23, 2019                                s/William H. Baughman Jr.
                                                    United States Magistrate Judge

---

[33] *See* ECF No. 16 at 5-6 (citing cases).
[34] *See Damus v. Nielsen*, 828 F.R.D. 1 (D.D.C. 2018).
[35] ECF No. 12.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[36]

---

[36] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh g denied*, 474 U.S. 1111 (1986).