IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| JONATHAN CASIEL CHAVEZ CARDOZA, *et al.* | ) ) ) | CASE NO. 4:18-CV-02292 |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiffs, | ) ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN CHRISTOPHER LAROSE, *et al.* | ) ) ) | |
| Defendants. | | |

Before me by referral[1] is a complaint for injunctive relief[2] and motion for a preliminary injunction[3] brought by Jonathan Casiel Chavez Cardoza and Mauricio Sierra Garcia against various United States government defendants arising out of the plaintiffs' removal from the United States prior to receiving a hearing on their asylum claims. A subsequent motion for habeas relief is the subject of a separate report and recommendation. The defendants here seek to dismiss, transfer or stay consideration of any request for

---

[1] ECF No. 5.
[2] ECF No. 4.
[3] ECF No. 2.

injunctive relief.[4] Plaintiffs oppose the motion[5] and defendants have replied to that opposition.[6]

For the reasons that follow, I will recommend that the defendants' motion be granted and that the complaint for injunctive relief and motion for preliminary injunction be denied without prejudice so that the relevant claims may, if appropriate, be filed in the appropriate form in the federal district court of the District of Columbia.

The material facts are not extensive and were set forth in the separate report and recommendation addressing the petition for habeas relief and are here incorporated by reference. In sum, this case concerns parties who were denied paroled while awaiting individual hearings on their claims for asylum and then deported prior to receiving such hearings. As such, this case was filed subsequent to a class action lawsuit in the federal district court of the District of Columbia presenting substantially the same issues and largely seeking the same relief.

Indeed, the current plaintiffs are members of the provisionally certified class in *Damus v. Nielsen, et al.*, No. 18-cv- 578 (D.D.C.).[7] Moreover, the court in *Damus* has also already issued a preliminary injunction enjoining the Department of Homeland Security (DHS) from denying parole, without an individual determination, to provisional class

---

[4] ECF No. 9.
[5] ECF No. 10. *See also* ECF No. 11 (additional authority).
[6] ECF No. 16. The warden of the facility at which the plaintiffs were formerly detained joined the motion to dismiss as it concerned the petition for habeas relief. ECF No. 17. Plaintiff/petitioners opposed that additional motion. ECF No. 19.
[7] *Damus*, No. 18-cv-578, ECF No. 33.

members prior to a hearing on their asylum claim.[8] Further, the *Damus* court is conducting discovery regarding claims, similar to those alleged by these plaintiffs,[9] that DHS is actually not in compliance with the mandates of the preliminary injunction.[10]

That said, these petitioners contend that simply transferring this case to the federal court in the District of Columbia for inclusion in the *Dumas* class action would be insufficient because these plaintiffs have raised distinct claims for relief based on different legal theories than the claim that was adjudicated in *Dumas*.[11] They also argue that the compliance review now being conducted by the *Dumas* court is restricted to whether the injunction is being violated in a "macro sense" and will not consider individual claims of violations.[12] Finally, they assert that dismissing the case in this forum will deprive them of the opportunity to argue issues that *Dumas* did not reach and also deprive them of whatever remedy the other *Dumas* class members may receive.[13] Most especially in this regard, the plaintiffs here claim that any delay occasioned by returning to the *Dumas* court would expose them to deportation without a hearing.[14]

I note first in that regard that the plaintiffs have already been deported, as is detailed in the accompanying report and recommendation. Thus, the injunctive relief sought here –

---

[8] *Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018).
[9] *See* ECF No. 10 at 3-4.
[10] *Damus v. Nielsen*, 328 F.R.D. 1 (D.D.C. 218).
[11] ECF No. 10 at 5.
[12] *Id*. at 6-7.
[13] *Id*. at 7.
[14] *Id*.

prohibiting the continued detention of the plaintiffs prior to an asylum hearing[15] – is no longer available. Further, as is also discussed in the accompanying report and recommendation, no exceptions to the mootness rule apply in this case. Thus, this case is moot.

Accordingly, for the reasons stated, the motion for a preliminary injunction should here be dismissed. However, to protect the possibility of these plaintiffs potentially receiving some form of relief from the *Damus* class action, I recommend that the dismissal here be without prejudice.

**IT IS SO RECOMMENDED.**

Dated: July 23, 2019
s/William H. Baughman Jr.
United States Magistrate Judge

---

[15] ECF No. 2 at 18.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[16]

---

[16] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).